UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEADRIN CARTER,<br><br>                          Plaintiff,<br>   v.<br>WASHOE COUNTY DETENTION CENTER,<br><br>                          Defendant. | Case No. 3:24-cv-00487-ART-CLB<br><br>**ORDER** |

I.     DISCUSSION

*Pro se* Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections. In October 2024, this Court ordered Plaintiff to file a complaint on or before November 22, 2024, and warned that, if he failed to do so, the case would be subject to dismissal. (ECF No. 4). On November 12, 2024, Plaintiff filed a motion for an extension of time for another 90 days to file his complaint. (ECF No. 6 at 2). Plaintiff states that, during that time period, he hopes that the Court will grant his application to proceed *in forma pauperis* and appoint him counsel. (*Id*.) Plaintiff then states that the "Washoe County Detention Center's custody staff and contracting medical staff failed in providing [him] with the constitutionally adequate medical care the 14th Amendment entitles [him] to receive while a pretrial detainee. This lack of care resulted in [Plaintiff] passing out several times and hitting [his] head." (*Id*.)

The Court grants in part and denies in part Plaintiff's motion for an extension of time. The Court will grant Plaintiff **until December 20, 2024**, to file a complaint in this case. The Court will also assess and grant Plaintiff's application to proceed *in forma pauperis* (ECF No. 1).

With respect to counsel, the Court denies Plaintiff's motion for appointment of counsel (ECF No. 1-1) without prejudice. In the motion, Plaintiff seeks counsel because

he has a low educational level, must take breaks throughout the day due to his heart condition, is a lay person without legal knowledge, has a hard time reading and writing, and will need help with depositions and rewriting his complaint. (ECF No. 1-1 at 3-4).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff has listed circumstances that are common to most inmates. *See Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Additionally, because Plaintiff has not submitted a complaint, the Court cannot assess the likelihood of success on the merits or the complexity of the claims. The Court denies the motion for appointment of counsel without prejudice.

The Court notes that Plaintiff's short paragraph on what he plans to allege in his complaint is a sufficient beginning for a complaint. Plaintiff should attempt to draft a complaint using the Court's approved form. Plaintiff should follow the directions in the form complaint and describe exactly what each specific defendant, by name, did to violate his rights. Plaintiff should also state the facts clearly in his own words.

## II. CONCLUSION

It is **ordered** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is **further ordered** that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Deadrin Carter, #1233919** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

It is **further ordered** that, even if this action is **dismissed**, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915.

It is **further ordered** that the motion for counsel (ECF No. 1-1) is **denied** without prejudice.

It is **further ordered** that the motion for extension of time (ECF No. 6) is **granted in part and denied in part.**

It is **further ordered** that Plaintiff will submit a complaint to this Court **on or before December 20, 2024**.

It is **further ordered** that the Clerk of the Court will send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

///
///
///
///

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and a complete application to proceed *in forma pauperis* or pay the required filing fee.

**DATED**: November 14, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**