Phillip Silvestri, Esq.
Nevada Bar No. 11276
BLACKSTONE TRIAL GROUP
1980 Festival Center Dr., Ste. 300
Las Vegas, NV 89135
Tel: (659) 241-4624
phillip.silvestri@blackstonetrial.com

*Attorneys for Defendant Eliot Wade*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEADRIN CARTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>WASHOE COUNTY DETENTION CENTER, et. al.,<br><br>    Defendants. | Case No.:  3:24-cv-00487-ART-CSD<br><br>ORDER GRANTING<br>**UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**<br><br>**(FIRST REQUEST)** |

ELIOT WADE, by and through the undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 6(b)(1)(B) and Local Rule LR IA 6-1 for an order extending the time within which Defendant Wade must answer or otherwise respond to Plaintiff's First Amended Complaint [ECF No. 21] through and including Monday, July 6, 2026. This is the first request for an extension of time by Defendant Wade. This Motion is unopposed.

I.      **FACTS/PROCEDURAL HISTORY**

On December 12, 2025, Plaintiff filed his First Amended Complaint [ECF No. 21]. The Court issued its Screening Order on March 2, 2026 [ECF No. 22], permitting claims to proceed against, among others, Defendant Eliot Wade. Summonses were thereafter issued and transmitted to the U.S. Marshals Service for service of process.

A proof of service has been filed reflecting that service on Defendant Wade was effected on April 20, 2026 [ECF No. 39], by delivery to Mr. Wade's office.  While it is unclear whether service was properly effectuated, assuming that it was, under Fed. R. Civ. P. 12(a)(1)(A)(i), a response to

Page 1 of 5

the First Amended Complaint was therefore due on or about May 11, 2026.

The undersigned counsel became aware that the April 20, 2026 delivery was intended to be proper service yesterday, June 1, 2026. As reflected in Plaintiff's Motion to Enlarge Time to Serve filed on June 1, 2026 [ECF No. 40], Plaintiff's counsel and defense counsel have been in active communication regarding service and representation issues since on or about May 6, 2026. As noted by Plaintiff's counsel, colloquy between Plaintiff's counsel and counsel for Dr. Wade has been ongoing during this period, and Dr. Wade's answer or other response is still pending as a result of these discussions. ECF No. 40 at 2.

Defense counsel is now formally appearing on behalf of Dr. Wade and is in the process of investigating the claims, reviewing records, and preparing an appropriate response to the First Amended Complaint. Counsel anticipates that he will be representing the remaining 2 NaphCare defendants as well. And the Parties believe that an extension through July 6, 2026 would provide sufficient time to coordinate between defendants and align response deadlines.

## II.  LEGAL STANDARD

When a deadline has passed, a court may extend the time for good cause upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court held that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances." The relevant factors include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id*. Local Rule LR IA 6-1 likewise requires that a motion to extend filed after the expiration of the deadline demonstrate excusable neglect.

## III.  ARGUMENT

All four *Pioneer* factors weigh in favor of granting the requested extension.

First, there is no danger of prejudice to Plaintiff. As reflected in ECF No. 40, Plaintiff is himself in the process of serving multiple other defendants and has requested a 60-day extension of his own service deadlines. Plaintiff's counsel acknowledged the ongoing colloquy with defense

counsel and is aware that Dr. Wade intends to respond and defend. No scheduling order has been entered, and no trial date has been set. Granting the requested extension will not delay this litigation in any material respect.

Second, the length of delay is minimal. The response deadline passed on May 11, 2026. Defense counsel appeared and filed this Motion promptly upon identifying the issue. The requested extension to July 6, 2026 is modest and proportionate to the time needed to prepare an adequate response to the civil rights claims asserted.

Third, the reason for the delay was not within the reasonable control of defense counsel in the ordinary sense. Defense counsel was not aware that the April 20, 2026 delivery to the office was perceived as or recorded as formal service of process. The parties were engaged in active communication regarding the service and representation issues for Dr. Wade and the other NaphCare defendants. The misunderstanding regarding the April 20, 2026 delivery, though inadvertent, constitutes excusable neglect under the circumstances, particularly in light of counsel's ongoing communications. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (per curiam) (inadvertence may constitute excusable neglect).

Fourth, defense counsel has acted in good faith throughout. Counsel has been engaged with Plaintiff's counsel beginning in early May 2026, participated in productive discussions regarding service and representation for the NaphCare defendants, and is now filing this Motion and a Notice of Appearance promptly upon confirming representation and identifying the service issue. There is no indication of strategic delay or bad faith.

Finally, while Plaintiff makes no concession regarding sufficiency of service on Dr. Wade, Plaintiff does not oppose this Motion to extend the time for Dr. Wade's response.

///

///

///

///

///

///

BLACKSTONE
TRIAL GROUP

## IV.  CONCLUSION

For the foregoing reasons, Defendant Eliot Wade respectfully requests that the Court enter an order extending the time for Defendant Wade to answer or otherwise respond to Plaintiff's First Amended Complaint through and including July 6, 2026.

Dated this 2nd day of June, 2026.

BLACKSTONE TRIAL GROUP

/s/ Phillip A. Silvestri, Esq.
Phillip Silvestri, Esq.
Nevada Bar No. 11276

*Attorneys for Defendant Eliot Wade*

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 3, 2026